■ ROBERT M. MORGENTHAU, District Attorney of New York County, Appellant, v JOSEPH DiNAPOLI, Respondent. [923 NYS2d 838]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 13, 2011, which, in this CPLR article 13-A forfeiture action, to the extent appealed from, granted defendant's motion for modification of a preliminary injunction and order of attachment, same court and Justice, entered on or about April 14, 2010, to the extent of directing the release of $258,314.75 of defendant's funds, plus accrued interest, for payment of defendant's attorneys' fees and legal expenses, unanimously reversed, on the law, without costs, and the motion denied.

In civil forfeiture actions pursuant to CPLR article 13-A, a claiming authority may seize assets that originated from a legitimate source (see CPLR 1311 [1]; 1312 [1]; 1313; see also Morgenthau v Citisource, Inc., 68 NY2d 211, 220 [1986]), even if such assets could not properly be seized pursuant to a search warrant (see CPL 690.10). Accordingly, we find that Supreme Court improperly directed the release of a portion of the restrained funds on the ground that those funds had twice been released by plaintiff after seizure pursuant to a search warrant.

We further find that Supreme Court improperly directed the release of such funds for the payment of defendant's attorneys' fees and legal expenses, since defendant failed to provide "an affidavit establishing the unavailability of other assets . . . for payment of such expenses or fees" (CPLR 1312 [4]; see Morgenthau v Western Express Intl., Inc., 83 AD3d 521 [2011]). Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.